J. J. WHITE LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43720.   Promulgated October 6, 1931.

*John J. Finnorn, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, and *J. Mills Newton, Esq.*, for the respondent.

#### OPINION.

MURDOCK: This proceeding deals with the petitioner's tax liability of 1924, for which year the Commissioner determined a deficiency of $3,033.94. The petitioner contends that the Commissioner has allowed inadequate deductions for depletion and depreciation due to his understatement of the March 1, 1913, value of certain timber and his overstatement of the salvage value of certain physical assets.

Counsel for the parties have filed a stipulation and they agree that with the figures thus agreed upon, a proper allowance for the

deductions in question can be computed if the Board determines two facts, one, the fair market value on March 1, 1913, of the timber then owned by the petitioner, and, two, the value which will remain in the petitioner's physical assets on hand in 1924 after the timber then owned has been exhausted. The stipulation is incorporated herein by reference. The Commissioner has determined that the value on March 1, 1913, of the petitioner's timber was $1,374,686.25, and the salvage value of the petitioner's physical assets on hand in 1924 would be $68,961.49. He used these figures in computing the deductions by a method which both parties agree was otherwise correct.

In August, 1911, the petitioner bought a tract of long leaf yellow pine timber for $1,029,798. The tract consisted of about 17,000 acres. At the time of purchase the officers of the petitioner had had two cruises made by one cruiser. This man estimated on one cruise that the tract contained 205,946,000 feet and on the other that it contained 239,530,000 feet. The officers considered that the petitioner had purchased 205,946,000 feet at $5 per thousand feet and the property was put on the books in that way. In the latter part of 1912 the petitioner leased the right to take turpentine from this tract in consideration of the payment of $248,000. The lessee had had the timber cruised and considered that it had paid $1 per thousand feet of timber for the lease. From this tract, 261,845,000 feet were actually cut. Lumbermen usually expect the actual cut to exceed the cruiser's estimate by from 10 to 20 per cent.

The fair market value on March 1, 1913, of the timber owned by the petitioner was $1,400,000.

The probable salvage value of the petitioner's physical assets (exclusive of timber) owned in 1924 was $7,000.

Eight witnesses testified as to the value on March 1, 1913, of this timber per thousand feet. Not all gave an opinion of this value subject to the turpentine contract, but the contract reduced the value per thousand by about $1. None gave an opinion as to the value of the tract as a whole. The petitioner argues that we should determine the value per thousand feet and multiply by 261,845, the number of thousand feet actually cut. This reasoning is unsound. Depletion in this case is to be allowed on the basis of the fair market value of the property on March 1, 1913. Section 204(c) of the Revenue Act of 1924. Fair market value has been frequently defined as the price at which a willing seller, not forced to sell, would sell the property in question to a willing purchaser, not forced to buy. This value on a given date, as March 1, 1913, must be determined in the light of facts then known or then reasonably to be anticipated.

The actual number of feet cut from the tract of timber in question was not such a fact.

. What, then, was the probable content of this timber which the assumed buyers and sellers would have had reason on March 1, 1913, to expect? The testimony on this question came only indirectly. We have summarized it above. But it is to the probable content as shown by the cruises made before March 1, 1913, that the value per thousand testified to by the witnesses must be applied. A buyer or seller would have fixed his price by multiplying his estimate of the value per thousand by the number of thousands he thought the tract contained. We have determined the fair market value of the tract in this same way.

*Judgment will be entered under Rule 50.*